IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ, T-86494, ) | |
|         Plaintiff(s), ) | No. C 13-0256 CRB (PR) |
| v. ) | ORDER OF SERVICE |
| R.T.C. GROUNDS, et al., ) | |
|         Defendant(s). ) | |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging that he was deprived of all outdoor/out-of-cell exercise and sunshine from August 28, 2012 to January 24, 2013 due to a prison lockdown and modified program imposed after an altercation between inmates. Plaintiff further alleges that requests for limited out-of-cell exercise during this time were denied.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

It is well established that prisoners confined to continuous and long-term segregation may not be deprived of outdoor exercise. See Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The "long-term" deprivation of outdoor exercise to such prisoners is unconstitutional. See LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993). Liberally construed, plaintiff's allegations state a cognizable Eighth Amended claim under § 1983 for deprivation of outside exercise and will be ordered served on the named defendants. See, e.g., Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010) (14 month deprivation of outdoor exercise sufficiently serious to satisfy objective prong of 8th Amendment analysis); Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc) (denial of outdoor exercise for 6-1/2 weeks meets objective prong of 8th Amendment deliberate indifference claim); Keenan, 83 F.3d at 1089-90 (plaintiff's undisputed claim of denial of outdoor exercise for six months while in segregation sufficient to proceed to trial).

/

/

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the named defendants. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court

3

1 prior to the date their motion is due.  All papers filed with the court shall be
2 served promptly on plaintiff.

3    b. Plaintiff must serve and file an opposition or statement of
4 non-opposition to the dispositive motion not more than 28 days after the motion
5 is served and filed.

6    c. Plaintiff is advised that a motion for summary judgment
7 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
8 case.  Rule 56 tells you what you must do in order to oppose a motion for
9 summary judgment.  Generally, summary judgment must be granted when there
10 is no genuine issue of material fact – that is, if there is no real dispute about any
11 fact that would affect the result of your case, the party who asked for summary
12 judgment is entitled to judgment as a matter of law, which will end your case.
13 When a party you are suing makes a motion for summary judgment that is
14 properly supported by declarations (or other sworn testimony), you cannot simply
15 rely on what your complaint says.  Instead, you must set out specific facts in
16 declarations, depositions, answers to interrogatories, or authenticated documents,
17 as provided in Rule 56(e), that contradicts the facts shown in the defendant's
18 declarations and documents and show that there is a genuine issue of material
19 fact for trial.  If you do not submit your own evidence in opposition, summary
20 judgment, if appropriate, may be entered against you.  If summary judgment is
21 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
22 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

23  Plaintiff also is advised that a motion to dismiss for failure to exhaust
24 available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted,
25 end your case, albeit without prejudice.  You must "develop a record" and present
26 it in your opposition in order to dispute any "factual record" presented by the

defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

       d.     Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

       e.     The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing

a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 20, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\Martinez, R.13-0256.serve.wpd